WRIGHT and Another *v.* HAWKENS.

PRACTICE.—*Trial by Court.—Motion for New Trial.—Judgment.*—Where a jury has been waived and there has been a general finding, and an oral motion for a new trial has been made by the party against whom the finding has been made, the court cannot set aside the finding and enter a general finding for the other party and render judgment thereon.

APPEAL from the Montgomery Common Pleas.

BUSKIRK, J.—This was an action by the appellants against the appellee, upon the covenants of a deed against incumbrances. There was a demurrer to the complaint, which was overruled, and an exception taken. The defendant answered in two paragraphs. There was a demurrer to the first paragraph of the answer, which was overruled, and an exception taken. The plaintiffs replied by a general denial.

The cause was, by the agreement of the parties, submitted to the court for trial. The following facts are presented by a bill of exceptions in the record, namely:

"Be it remembered, that on the tenth judicial day of the February term, 1870, of the Montgomery Court of Common Pleas, the above entitled cause was submitted to the court for trial, and the court, after hearing the evidence and argument of counsel, found for the plaintiffs, and assessed their damages at one hundred and forty-four dollars. Whereupon the defendant moved the court orally for a new trial, and day was given; and afterward, to wit, on the fifteenth judicial day of said term of said court, the judge thereof, on his own motion, and without any written motion or cause therefor being filed, and over the objection of the plaintiffs, set aside said finding, overruled plaintiffs' motion for judgment on the finding, entered a new finding for the defendant, and rendered judgment thereon over the plaintiffs' objections in favor of said defendant; to all of which the plaintiffs excepted, by their counsel, and pray that this, their bill of exceptions, may be sealed and signed by the court, which is done this February 16th, 1870."

The principal error assigned and relied upon by the appellants presents for our decision the question of whether the above action of the court was correct and can be sustained. The action of the court was, beyond all doubt, erroneous, and the judgment must be reversed.

By section 320, 2 G. & H. 196, issues of fact must be tried by a jury, unless a jury trial is waived.

Section 340, 2 G. & H. 207, points out the manner in which a jury trial may be waived.

Section 341, 2 G. & H. 207, provides that "upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request it," etc.

Section 357, 2 G. & H. 216, provides that "the provisions of this code respecting trials by jury apply, so far as they are applicable, to trials by the court."

"The verdict of a jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury find the facts only, leaving judgment thereon to the court." 2 G. & H. 205, sec. 335.

Section 350, 2 G. & H. 218, provides that "when a trial by jury has been had, and a general verdict rendered, the judgment must be in conformity to the verdict."

Section 351, 2 G. & H. 218, provides: "Where the verdict is special, or where there has been a special finding on particular questions of fact, the court shall render the proper judgment."

The duty of the court is plain and imperative when there is a general verdict. The judgment must conform to the verdict. When there is a special verdict, the court applies the law to the facts found, and renders the proper judgment. The judgment of the court must follow and conform to a general verdict, unless the court, upon proper application, and for good cause shown, may grant a new trial, award a *venire de novo*, or arrest the judgment. It is expressly pro-

vided that the provisions of the code respecting jury trials shall apply to and govern trials by the court, so far as they are applicable.

The general finding of the court takes the place, and has the force and effect, of the general verdict of the jury, and the judgment of the court must follow and conform to the general finding, unless the court shall, upon motion and good cause shown, grant a new trial or arrest the judgment. It is quite clear to us that when the court has rendered a general finding for one of the parties, it cannot, of its own motion and arbitrarily, set aside such general finding, and render a general finding and judgment for the other party. Such a course might deprive a party of substantial rights. If a new trial was granted, the plaintiff might demand a trial by jury, might take a change of venue from the judge or county, or might dismiss his action. None of these things can be done where the court changes its finding and renders judgment thereon. There was no motion made for a new trial in this case by the defendant. As a general rule, it is always safer for a court to leave the management of a cause to the counsel, and to rule on such motions as may be submitted by them; but there may be cases where the court is satisfied that there is collusion between parties, or that a fraud has been practised upon the court, or where the court should discover in a divorce case that the plaintiff was not a resident of the State, in which case the court would be justified, on its own motion, in setting aside a verdict, finding, or judgment; but in such case the court should order a new trial, and leave the parties to their rights under the law. This may have been such a case.

The judgment in favor of the appellee is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.

*P. S. Kennedy* and *R. H. Galloway*, for appellants.