Maynard *et al. v.* Shorb.

---

No. 9369.

## MAYNARD ET AL. *v.* SHORB.

PRACTICE.—*Finding.— When Court May Hear Further Evidence After Entry of.—Attorney's Fees.—*Where, in an action upon a promissory note, a trial is had by the court, the finding announced, and entered on the docket, leaving a blank for the insertion of the amount of the recovery when computed, the court may, after overruling motions for a new trial and in arrest, hear evidence, over defendant's objection, in respect to the amount of the attorney's fee stipulated for in the note.

From the Whitley Circuit Court.

*C. Clemans* and *A. C. Clemans,* for appellants.

*J. W. Adair,* for appellee.

WOODS, C. J.—The appellee sued the appellants upon a promissory note containing a promise to " pay all attorney's fees and costs and charges for collection." The appellants answered by the general denial only, and the issue was submitted to the court for trial without a jury. The plaintiff put the note in evidence, and this was all the evidence offered. Thereupon the court announced that its finding would be for the plaintiff, and directed the plaintiff's attorney to calculate

the amount due, and at the same time noted upon the docket a finding for the plaintiff, leaving a blank for the insertion of the amount when determined. The defendants then filed a motion for a new trial, and, on the overruling of that, filed a motion in arrest of judgment, which was also overruled. After all these things were done, the plaintiff on motion was permitted to offer evidence to show what was a reasonable attorney's fee in the case.

The appellants objected to the admission of this evidence on the ground that it could not properly "be introduced while the former record remained in force and not set aside, and that the cause had been disposed of by the court."

If good in law, the objection in this case was not true in fact. The cause had not been disposed of in respect to the amount of the finding; and while we do not dissent from or wish to limit the scope of the decision made in *Wright* v. *Hawkens*, 36 Ind. 264, relied upon by the appellants, we do not think the court is shown, in the record before us, to have transcended the limits of a reasonable discretion; and certainly it does not appear that the appellants suffered a substantial injury or were deprived of any valuable right or privilege. The complaint contains an averment in respect to the attorney's fees under which the evidence was admissible, and as the finding which was entered was confessedly incomplete, a blank being left for the purpose of inserting the amount due when determined, it was not improper for the court in its discretion to admit further evidence in reference to the amount with which the blank should be filled. Until the blank, thus left for the avowed purpose of being filled, had been in fact supplied, it could hardly be said that the court had made a formal finding, and it is only when such a finding has been entered or at least announced, that the rule declared in *Wright* v. *Hawkens, supra,* applies, that judgment must follow the finding, "unless the court, upon proper application, and for good cause shown, may grant a new trial, award a *venire de novo,* or arrest the judgment."

In the case referred to the court had entered a complete finding for the plaintiff, and five days afterwards, of its own motion, set that finding aside, and entered a finding for the defendant. Of such a proceeding it may well be said that " when the court has rendered a general finding for one of the parties, it can not, of its own motion and arbitrarily, set aside such general finding, and render a general finding and. judgment for the other party. Such a course might deprive a party of substantial rights." This plainly has no application to cases like the one now presented.

Judgment affirmed.