No. 9169.

## WRAY v. HILL ET AL.

PRACTICE.—*Finding by Court.*—*Harmless Error.*—When a cause is tried by the court without the intervention of a jury, its finding takes the place of a verdict, and can not be afterwards vacated or changed at the pleasure of the court; but a party not injured thereby can not maintain a suit to set aside such unauthorized proceeding.

From the Shelby Circuit Court.

A. *Major* and S. *Major*, for appellant.

N. B. *Berryman*, T. B. *Adams* and L. T. *Michener*, for appellees.

ELLIOTT, J.—The appellant seeks to have a finding and judgment of the trial court set aside.

It is shown by his verified complaint, that, after issue had been duly joined, the cause was submitted to the court for trial; that the court did make, and announced in the presence of

the attorneys, a finding in favor of the appellant and against Moor, one of the parties to the action, to the effect that "his" (Moor's) "mortgage was satisfied as to Wray;" that, pursuant to this finding, the latter's attorney prepared and handed to the clerk a draft of a decree adjudging, in accordance with the finding, that Moor's mortgage was satisfied; that afterwards, but at the same term, the court, without notice, set aside this finding and erased from the decree the order concerning the satisfaction of the mortgage; that neither Wray nor his attorney had any knowledge of this action of the court until after the close of the term.

A court in the trial of an issue of fact takes the place of a jury, and its finding is essentially the same in its scope and effect as the verdict of a jury. *Wright* v. *Hawkens*, 36 Ind. 264; *Maynard* v. *Mier, ante*, p. 317. In trying issues of fact the court occupies a different position from that occupied when making orders, or when entering judgments and decrees. Its decision upon a question of fact can not be set aside upon the ground that it is an amendment or correction of a record, for it is an act of an altogether different character. It is one thing to decide that a fact does or does not exist, and quite another thing to correct a record or supply an omission.

The statute evidently means that the finding of the court upon a question of fact shall stand upon substantially the same footing as the verdict of a jury, for the provisions concerning new trials apply as well to the decisions of the court upon questions of fact as to the verdicts of juries. The adjudged cases proceed upon this theory, for it is uniformly held that where a special finding is defective the remedy is by motion for a *venire de novo*, and that where the facts are not correctly found the method of procedure is a motion for a new trial. That a finding of the court can not be vacated at its own pleasure is evident from the fact that, after its finding has been announced, the plaintiff can not dismiss his action, although he may do so at any time before the announcement.

*Livergood* v. *Rhoades*, 20 Ind. 41; *Burns* v. *Reigelsberger*, 70 Ind. 522. In *Walker* v. *Heller*, 56 Ind. 298, the court, on the 31st day of the term, directed the clerk to enter of record. a finding and judgment in favor of the defendant; on the 33d day of the same term, it directed a change to be made, and it was held that the latter order was erroneous. We are clear that the court erred in setting aside its finding upon the question of fact that Moor's mortgage was satisfied.

The action in which the judgment from which the appellant seeks relief was rendered was brought by Hill against Wray upon two promissory notes executed to George M. Wright, commissioner. Wray filed an answer in the nature of an interpleader, and also a cross complaint, which brought Moor into court, and he answered the cross complaint and also filed an answer and cross complaint. Hill answered, and replies were filed by Moor and the appellant to his answer. These pleadings put in issue the right of Hill to the money due upon the notes, as also the validity of a mortgage claimed by Moor to be a lien upon land purchased by appellant from Wright at a sale made by him as commissioner under a decree of partition. The judgment of the court, omitting the introductory part, which is a mere general finding, is as follows: "And it is further ordered and adjudged by the court that the plaintiff T. Wiley Hill do have and recover of the said defendant Hardy Wray the sum of $742.74, to be levied and collected, without relief from valuation or appraisement laws, and with interest thereon at the rate of six per cent. per annum until paid, together with costs. And it is finally ordered and adjudged by the court that the said Hardy Wray have and recover from said Moor, as administrator of the estate of John Trimble, deceased, the costs made and occasioned by the answers and cross complaints of the said Moor." The general finding in the introductory part of the order is in favor of Hill against both Wray and Moor; there is no finding as to the issues joined between Moor and the appellant, but there is a finding that no part of the amount due upon the notes

shall be paid to Moor, and that it shall be all paid to Hill. We are unable to perceive how the error of the court in changing its finding by erasing the part designated in the early part of this opinion has harmed the appellant. The judgment still stands in his favor against Moor, and he has suffered no injury. The only change made is in the finding which was made on the issues joined between him and Moor, and this could have done him no harm, for the judgment is against Moor upon the issues joined between them, and the appellant could have obtained nothing more had the finding remained unchanged, for it in no way affected the rights of Hill. It is perhaps true, that, had the finding remained as announced, the judgment would have been more plainly decisive of the rights of Moor under his mortgage; but, as it reads, there is enough to bar any claim by him upon the matters put in issue by the pleadings, and involved in the issues submitted to the court.

It seems to us that the appellant is really seeking to set aside a judgment which is favorable to him as against the party affected by the change made in the finding of the court.

Judgment affirmed.