No. 13,852.

## HARRELL, ADMINISTRATOR, *v.* SEAL.

DECEDENTS' ESTATES.—*Legacy.*—*Account Current.*—*Mistake in.*—*Correction of.*—Where a legacy was allowed by the executor, and in his account current he reported that he had paid the same, and claimed and received credit for it, when, in fact, the legacy had not been paid, the legatee may maintain an action to correct the misstatement in the account current. The legatee is not bound to sue the executor on his bond, nor is he bound to file a claim against the estate.

SAME.—*Correction of Reports and Accounts.*—Under the provisions of the statute the court has the power to make corrections in the record, and to cause mistakes in accounts current to be rectified. Until the final settlement is made accounts and reports may be reviewed and errors corrected.

SAME.—*Action.*—*Will.*—*Exhibit.*—The will was not the foundation of the action in this case, and it would have been bad pleading to have made it an exhibit to the complaint.

SAME.—*Parties.*—*Who not Necessary.*—The heirs of the executor, he being dead, were not necessary parties to the action, nor was it necessary to make his administrator a party.

BILL OF EXCEPTIONS.—*Oral Evidence.*—*When Must be Embodied.*—Oral evidence must be embodied in the bill of exceptions before it is signed by the judge. It is only by virtue of the statute that written instruments can be made part of the bill by reference.

From the Franklin Circuit Court.

*S. S. Harrell, J. F. McKee* and *D. W. McKee,* for appellant.

*G. F. O'Byrne, S. E. Urmston* and *I. Carter,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that John F. Dickerson was the executor of the will of Peter Updike, deceased; that the testator bequeathed to her a legacy of four hundred dollars; that Dickerson allowed the amount, and, in his account current as executor, reported that he had paid the appellee the amount of the legacy and

he claimed and received credit for it; that the report was approved but Dickerson was not discharged; that Dickerson died while executor, and the appellant became the administrator, with the will annexed; that Dickerson had in his hands as executor, after the payment of all prior legacies and claims, a sum more than sufficient to pay the appellee's legacy; that the amount was not paid to her by Dickerson nor by the appellant; that Dickerson's statement that she was paid is erroneous.

We adjudge that the appellee has a right to maintain this action. She is not asking that a claim against a decedent's estate should be allowed, but that a statement in an account current may be corrected. Her claim has been allowed and the allowance confirmed by the court, but the statement contained in the executor's report that it has been paid to her is erroneous. We can conceive of no reason why the court may not cause the mistake to be rectified.

The appellee was not bound to sue Dickerson on his bond, nor was she bound to file a claim against the estate. Whether she might have sued on the bond is not the question, for the question here is, whether she has a right, as legatee, to have a mistake in an account current corrected.

The will is not the foundation of the action, and it would have been censurably bad pleading to have made it an exhibit to the complaint.

It was not necessary to make the heirs of Dickerson parties, nor was it necessary to make his administrator a party.

The statute of limitation is pleaded in several paragraphs of the answer, but we think without avail. Under the provisions of the statute the court had the power to make corrections in the record and to cause mistakes in account currents to be rectified. Until the final settlement is made accounts and reports may be reviewed and errors corrected. R. S. 1881, section 2404.

We do not decide that the appellee was entitled to a money judgment, for that question is not before us, as there is no

motion to modify the judgment, nor is the evidence in the record. We say the evidence is not in the record because it appears that at the time the bill of exceptions was signed the oral testimony was not written in it. It is well settled that oral evidence must be embodied in the bill before it is signed by the judge. It is only by virtue of the statute that written instruments can be made part of the bill by reference. *Stratton* v. *Kennard*, 74 Ind. 302.

Judgment affirmed. '

Filed Nov. 26, 1889.