# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1890, IN THE SEVENTY-
FOURTH YEAR OF THE STATE.

No. 15,209.

CLARK ET AL. *v.* THE STATE, EX REL. WEIR.

BASTARDY.—*Action on Bond.*—*Complaint.*—*Sufficiency of.*—In an action on
a bond executed in a bastardy proceeding, conditioned that the defend-
ant would appear at the following term of the circuit court to answer
the complaint in the action, and not depart without leave, and abide
the judgment and orders of the court, or failing therein would pay such
sums of money to such persons as might be adjudged by the court, a
complaint which alleges that the court, in the action for bastardy, ren-
dered judgment in favor of the plaintiff and against the defendant for a
certain sum is not bad because it fails to aver that the court adjudged
the payment of any sum of money to the relatrix. As the statute (sec-
tion 992, R. S. 1881) provides that the stated payments shall in all
cases be made to the mother, if living, with the exception that if she be
an improper person the payments shall be made to some person desig-
nated by the court, it will be presumed, in the absence of a showing
that the case falls within the exception, that such payments were or-
dered paid to the mother.

SAME.—*Breach.*—*Right of Action.*—*Demand.*—*Condition Precedent.*—Such
defendant having absconded and failed to pay or replevy the judgment

rendered against him, there was a breach of the bond, and a right of action at once accrued. Hence, a demand was not necessary as a condition precedent to the maintenance of an action on the bond.

SAME.—*Judgment of Forfeiture not a Condition Precedent to Action upon Bond.* —A judgment of forfeiture is not required by statute to be entered against such defendant or his bondsmen as a condition precedent to a suit on the bond. For condition broken an action may be instituted immediately in the name of the State. Section 1721, R. S. 1881, applies only to recognizances given in criminal causes.

SAME.—*Time Given to Replevy Judgment.—Answer by Surety Alleging.—Insufficiency of.*—In an action against the surety on such bond, a paragraph of answer alleging that the court on pronouncing judgment against the defendant, instead of committing him immediately to jail, gave him two days in which to replevy the judgment, does not constitute a defence. The surety was not prejudiced by such action of the court.

SAME.—*Defendant.— When Subject to Custody.*—The court was not required to order the defendant into custody, after its finding had been returned, except for some good reason shown. He was not subject to the custody of the sheriff until after the judgment of the court committing him to jail in default of replevin bail, or payment of the judgment. If the surety on the bond of such defendant did not desire to stand longer, after the court had made its finding, he was entitled to his bail-piece.

BILL OF EXCEPTIONS.—*Failure to Incorporate Long-hand Manuscript of Evidence.*—Unless the original long-hand manuscript of the evidence made by the official reporter is embodied in the bill of exceptions before it is signed by the judge, as required by statute (section 1410, R. S. 1881), it will not be regarded as a part of the record on appeal.

SPECIAL FINDING.—*Court Can Not Alter.—Remedy When Defective.*—The court has no power to alter or change its special finding after it has been returned and entered of record. If the finding is not sufficiently specific, the remedy is by an exception to the conclusions of law, or by a motion for a new trial.

From the Vigo Superior Court.

*S. C. Stimson, R. B. Stimson* and *A. B. Higgins,* for appellants.

*T. W. Harper* and *L. D. Leveque,* for appellee.

BERKSHIRE, C. J.—This action rests upon a bond executed by the appellants in accordance with section 981, R. S. 1881.

In addition to the main action there is an ancillary proceeding in attachment.

The questions which are presented for our consideration arise out of the principal action.

There was a demurrer to the complaint, which was overruled by the court, and an exception reserved.

Paragraphs of answer, from one to six inclusive, were filed. The first paragraph of answer is a general denial. Demurrers were addressed to the 4th, 5th and 6th paragraphs, which were sustained to the 4th and 6th, and overruled as to the 5th, and exceptions reserved. The appellee filed a general denial in reply.

The cause was submitted to the court for trial, and at the request of the appellants a special finding was returned.

A motion was made to make the special finding more specific, which the court overruled, and the appellants excepted; they then excepted to the conclusions of law, and filed a motion for a new trial.

The court overruled the motion for a new trial, and they excepted, and judgment was rendered for the appellee.

The errors assigned are : (1) That the complaint does not state facts sufficient to constitute a cause of action ; (2) that the court erred in overruling the demurrer to the complaint; (3) that the court erred in sustaining the demurrers to the 4th and 6th paragraphs of answer; (4) that the court erred in overruling defendant's motion to make the special finding of facts more specific; (5) that the court erred in overruling the exceptions to the conclusions of law ; (6) that the court erred in overruling the motion for a new trial.

The complaint alleges that on the —— day of ——, 1888, there was pending before a certain justice of the peace of Vigo county, Indiana, a certain suit wherein the State of Indiana *ex rel.* Elizabeth Weir was plaintiff, and the appellant Frank Clark, the defendant ; that on the 24th day of October, in said year, said justice required said defendant to enter into a bond, in the penal sum of $400, conditioned that he would be and appear before the Vigo Circuit Court at the November term thereof, 1888, to answer to the com-

plaint in said action, which was for bastardy, and not depart
without leave, and abide the judgment and orders of the
court; and failing so to do would pay such sums of money
over to such persons as might be adjudged by such court;
that the appellants executed their bond, and the same was
taken and approved by the said justice on the 29th day of
October, 1888; that default has been made in the condi-
tions of said bond, in this : that on the —— day of ———,
1888, such proceedings were had that judgment was ren-
dered in said suit in favor of the plaintiff, and against said
defendant, for the sum of five hundred dollars, and costs
taxed at $25.65, and that the said defendant pay or replevy
said judgment, and failing therein that he be committed to
jail; that said defendant did not appear and abide the orders
and judgment of the court, but absconded and left the State of
Indiana, and has failed and refused to pay or replevy said
judgment.   A copy of the bond is filed as a part of the
complaint.   It recites the title of the cause.   The penalty is
four hundred dollars.

The conditions of the bond are that the defendant, Frank
Clark, will appear before the Vigo Circuit Court at its No-
vember term, 1888, to answer the complaint of the *State of
Indiana, ex rel. Elizabeth Weir,* for bastardy, and not depart
without leave, and abide the judgment and orders of the
court; or, failing therein, that he will pay such sums of mo-
ney, and to such persons as may be adjudged by such court.
The objections to the complaint are :

*First.*   It fails to aver that in the action for bastardy the
court adjudged the payment of any sum of money to the re-
latrix.

*Second.*   It fails to allege a demand of performance of
the conditions of the bond anterior to the bringing of the
action.

We think neither of these objections is well grounded.
Section 978, R. S. 1881, provides for the institution of the
proceeding as follows :   " When any woman who has been

delivered of or is pregnant with a bastard child shall make complaint thereof in writing, under oath, before any justice of the peace, charging any person with being the father of such child, such justice shall, by his warrant, cause such person to be arrested and brought before him."

Section 980, R. S. 1881, provides that "The prosecution shall be in the name of the State of Indiana, on the relation of the prosecuting witness."

Section 983, R. S. 1881, provides that the trial and continuance of the prosecution, except as otherwise specially provided, shall be governed in all things by the law regulating civil suits.

Section 991, R. S. 1881, provides, if the jury find the defendant to be the father of the child, that he be adjudged its father, and charged with its maintenance and education.

Section 992, R. S. 1881, provides that upon such verdict and judgment the court shall make such order for the education and maintenance of the child by annual payment to the mother (or if she be dead, or an improper person to receive the same, to such other person as the court may direct) of such sums of money as may be adjudged proper, and shall render judgment for the same, specifying the terms of payment; and in the absence of payment it is made the duty of the court, if the defendant be in custody, to require him to replevy such judgment by good freehold security, or in default thereof to commit him to jail.

In view of these various provisions of the statute we are compelled to presume that the relatrix, in the present action, is the mother of the bastard child whose maintenance and education were involved in the bastardy proceeding.

As the statute provides that the stated payments shall, in all cases, be made to the mother, if living, with the one exception stated above, we must presume that the court so ordered in the proceeding here in question, there being

nothing in the record to indicate that the case came within the exception named.

The complaint may not be sufficiently specific in its averments as to the conditions of the judgment and orders of the court in the bastardy proceedings, but such an objection could not be regarded by the trial court except a motion had been made to require the complaint to be made more specific.

As bastardy proceedings are *quasi* civil actions, and governed by the rules of procedure belonging to such actions, where not otherwise provided, the same liberality must be allowed in the trial of bastardy proceedings as in civil actions.

We do not think that a demand was necessary as a condition precedent to the maintenance of this action.

The conditions of the bond were that the defendant would appear at the following term of the circuit court and answer the complaint, not depart without leave, and abide the judgment and orders of the court; or, failing therein, that he would pay such sums of money, and to such persons, as might be adjudged by such court.

The said defendant having absconded, and failed to pay or replevy the judgment which was rendered against him, there was a breach of the bond, and a right of action at once accrued. We think there was no error in overruling the demurrer to the complaint.

The fourth paragraph of answer is to the effect that at the November term of the court the appellants were not called on to perform any of the orders of said court, nor to make appearance, and that no default was taken against them, or either of them, and that no judgment of forfeiture was taken against them or either of them. This paragraph of answer is entirely without merit, and the court committed no error in sustaining the demurrer addressed thereto.

We know of no provision in the statute, and none has been pointed out, which requires the defendant in a bastardy

proceeding, or his bondsmen, to be called, and judgment of forfeiture entered as a condition necessary to a successful prosecution of an action on the bond.

Section 1721, R. S. 1881, applies only to recognizances given in criminal cases.

A bond such as the one here sued on is nothing more nor less than a penal bond, and for condition broken, which has occurred whenever the defendant in the bastardy proceedings has failed to surrender himself, and has neither paid nor replevied the judgment, an action may at once be instituted in the name of the State.

The sixth paragraph of the answer, in substance, is that the principal in the bond appeared in the circuit court as required by the terms and conditions thereof, and stood his trial, and that the court, on pronouncing judgment against him, did not commit him immediately to the jail of said county as required by law, but gave him permission to depart for two days for the purpose of securing bail, only after which by the terms of said judgment could he be imprisoned.

This paragraph of answer is pleaded as a separate answer for the surety, John A. Clark. We do not regard this paragraph as stating any defence to the action. It is somewhat equivocal in its terms, but upon any view which we can take of it it is bad. If we are to understand that the court, as a part of the verbal announcement of its judgment, gave time to the defendant to procure replevin bail, such verbal announcement can not be regarded, for the reason that the record which the court caused to be made of its action is conclusive.

If we are to understand that the record which was made of the judgment as pronounced by the court shows that the court gave to the defendant two days in which to replevy the judgment, and committed him to jail for a failure to pay or replevy the judgment subject to the condition named, then and in that case the conditions of the bond were not broken,

except upon the defendant's failure to pay or replevy the judgment within the time granted, or at the end of the time given to surrender himself to the proper officer.

The time given being one of the conditions in the judgment, by the very terms of the bond, there was no breach until the time given had elapsed ; there was, until then, no failure to abide *the judgment and orders* of the court.

Whether or not the court committed an error in allowing the defendant time to find replevin bail does not arise as a question in this case. But if the question did arise, we do not think that the appellants, or either of them, are in a condition to complain of the court's action.

The condition complained of was certainly for the benefit of the defendant ; if, because of the court's liberality, he could have found replevin bail, it would have relieved him from the inconvenience and disgrace of being incarcerated in jail ; and if he could have found bail, it would have relieved the appellant John A. Clark as surety on the bond.

The defendant having failed to pay, or replevy, the judgment, according to its conditions, and not having surrendered himself to the proper officer, the conditions of the bond were thereby broken, and the appellants liable to an action on the bond.

The evidence is not in the record. The long-hand report not having been embodied in the bill of exceptions, as the statute requires, we can not regard it as a part of the record.

It is sufficient to cite our own cases, as follows : *Harrell* v. *Seal,* 121 Ind. 193 ; *Patterson* v. *Churchman,* 122 Ind. 379 ; *Ohio, etc., R. W. Co.* v. *Voight,* 122 Ind. 288, and cases cited.

The court did not err in overruling the motion for a new trial.

There was no error in overruling the motion to make the special finding more specific ; if not sufficiently specific to

entitle the appellee to judgment, the remedy was by exceptions to the conclusions of law, otherwise by a motion for a new trial.

The court had no power to alter or change its special finding after it had been returned and entered of record. *Levy v. Chittenden,* 120 Ind. 37; sections 550, 551, and 552, R. S. 1881; *Wray v. Hill,* 85 Ind. 546.

The court did not err in its conclusions of law.

The court was not required to order the defendant, in the bastardy proceeding, into custody after its finding had been returned, except for some good reason shown.

The appellant was not subject to the custody of the sheriff until after the judgment of the court committing him to jail in default of replevin bail, or payment of the judgment. Sections 981 and 992, *supra.*

This is the rule, even in criminal cases, where there has been a verdict of guilty, and where imprisonment in the State's prison is a part of the punishment.

In *Redman v. State,* 28 Ind. 205 (beginning at bottom of page 213), this court said : " If James Redman was on bail, the mere fact that the jury had returned a verdict of guilty against him did not terminate his right to his liberty and place him in the custody of the sheriff, or other officer, or give to the officers any right or power to arrest or imprison him. It is not our purpose here to deny or determine the question of the power of the court upon the return of a verdict convicting the defendant of a felony to order him into custody, if present in court, or if not, to direct a writ to be issued for his arrest, before judgment ; but, in the absence of such order or writ, it was unlawful for the officer to make the arrest."

If the appellant John A. Clark did not desire to stand longer, after the court had made its finding, he had an ample remedy either under the common law or by virtue of the statute. He was entitled to his bail-piece. *Turner* v. *Wil-*

*son,* 49 Ind. 581; sections 871, 872, 873, 874, 875, R. S. 1881. These sections apply by virtue of section 983, *supra.* The judgment is affirmed, with costs.

Filed June 3, 1890; petition for a rehearing overruled Sept. 20, 1890.