La Follette v. Higgins.

Filed Oct. 28, 1891.

———————◆———————

No. 13,216.

LA FOLLETTE v. HIGGINS.

SPECIAL FINDING.—*Power of Court to Amend.*—The court has no power to amend or alter its special finding after the same has been announced and filed.

VENIRE DE NOVO.—*Motion for.*—*When Sustained.*—A motion for a *venire de novo*, in case of a special finding of facts, can be sustained only when such finding is defective in form.

SUPREME COURT.—*Finding of Facts.*—*Weight of Evidence.*—Where there is sufficient evidence to support the finding of facts the Supreme Court will not weigh the evidence on appeal.

GUARDIAN AND WARD.—*Accounting by Guardian.*—*Failure to Make Inventory or File Reports when Due.*—*Final Settlement.*—*When will not be set Aside.*—The Supreme Court will not reverse the judgment of the circuit court declining to set aside the final settlement of a guardian on account of

irregularities in the execution of the trust, such as failing to make an inventory of the ward's property in the proper form, and to file his reports on the day they were due, and depositing some of the money when received with his own in bank, where it appears that the guardian honestly discharged his duties and accounted for all the money and property due the ward, together with interest, and filed with his final report receipts in full signed by the ward after becoming of age.

From the Boone Circuit Court.

*C. S. Wesner* and *H. M. La Follette,* for appellant.

*J. E. McDonald, J. M. Butler, A. L. Mason, R. W. Harrison* and *B. S. Higgins,* for appellee.

OLDS, J.—This is an action by the appellant to set aside the final settlement report of John Higgins, the appellee, as guardian of the minor heirs of Harvey M. La Follette, deceased, of which heirs appellant is one.

The appellee answered in two paragraphs, one in estoppel, alleging the giving of a receipt in full of account by the appellant after he arrived at his majority, and the other in denial.

There was a trial by the court, and, on proper request, the court made a special finding of facts, stated its conclusions of law, and rendered final judgment for the appellee.

The court found the facts to be as follows:

" On the 10th day of November, 1865, John Higgins, the defendant, was by the clerk of the common pleas court of Boone county, Indiana, appointed guardian of the heirs of Harvey M. La Follette, deceased, six in number, among whom was the plaintiff, which appointment was confirmed by the said common pleas court on the 1st day of January, 1866. Said defendant filed no inventory of the property of any of his said wards, including said plaintiff, at any time. At the date of said appointment said plaintiff owned his share of the personal estate of his father, in the hands of the administrator of the estate, and also the undivided one-ninth of realty in Thorntown, in said county, in which property the widow of said decedent and his family then lived,

and on which said widow and members of said family have ever since lived, and the property having been used for a homestead, no rents therefrom have ever been received by said defendant. The plaintiff was also the owner of an interest in said property, which was afterwards sold by the administrator, and whatever came to the hands of said defendant as the proceeds of the sale of this property has been accounted for by him in his reports. On the 26th day of January, 1868, said defendant filed his first report as guardian, which was general as to all the heirs for whom he was guardian, and he did not separate the interest of the plaintiff from the others. In this report he charges himself as follows (August 3d, 1866) : The proceeds of the mill from November 10th, 1866, to June 1st, 1867, $1,197.26 ; January 6th, 1867, received of Mote, administrator, one note on R. H. La Follette, $627.35 ; January 6th, 1867, received of Mote, cash, $776.49 ; January 20th, 1867, received of S. A. Lee, clerk, cash, $1,382.60 ; January 31st, 1868, received of Mote, administrator, $1,940.23 ; received of Mote, administrator, $28.97 ; interest, $167.

"In this report the undisputed credits are $149.13. The guardian charged $100. The theory upon which interest is accounted for in the defendant's reports was to charge himself with interest which had been received, and not with interest accrued and not paid. Plaintiff's share of the principal was $992.15 ; his share of interest was $27.83—$1,-019.98 ; his share of credits, including guardian's charges, $41.52, leaving $978.46.

"Interest accounted for in second report: January 17th, 1870, $120.93, making $1,099.39 credits in this report not disputed; plaintiff's share, $19.88, leaving $1,079.51 ; one-sixth interest accounted for in third report, January 15th, 1873, $205.73, making $1,285.26 ; one-sixth of undisputed credits, $89.82 ; one-sixth of guardian's charges, $6.33, making $96.15, and leaving $1,189.11 ; one-sixth of interest accounted for in fourth report, April 19th, 1875, $190.18, mak-

ing $1,379.29; one-sixth of undisputed credits, $35.93; one-sixth of guardian's charges, $22.83 == $58.76, leaving $1,-320.53; one-sixth of interest accounted for in fifth report, January 28th, 1876, $90.44, making $1,410.97; one-sixth of undisputed credits, $75.63; one-sixth of guardian's charges, $3.66, making $79.29, leaving $1,331.68.

" In this report final settlement was made with one of the wards; one-fifth of interest accounted for in sixth report, April 13th, 1877, $141.98, making $1,473.66; one-fifth of undisputed credits, $37.13; one-fifth of guardian's charges, $8.50, making $45.63, and leaving $1,428.03.

" In this report, after reporting generally as to the five, there is a separation of the account, and William L. is charged with Susan C. La Follette receipt No. 44, $50, leaving $1,378.03. The seventh report is as to Warren J. alone. The eighth report is separate. April 18th, 1879, interest, $192.78, making $1,570.81; credits, without guardian's charges, $248.98; add guardian's charges, $22—270.98, making $1,299.83. The ninth report is final as to Harvey M. La Follette, and relates to him alone. Interest charged in tenth report, July 9th, 1881, $155.12, making $1,454.95; undisputed credits, $79.65; guardian's charges, $28; voucher 89½ incorrect, $50; interest, $2.50; incorrect and never corrected, $2.50, making $160.15, and leaving $1,294.80. The eleventh report is as to Grant alone.

" The twelfth and final report as to plaintiff charges back to the defendant voucher 89½, $50, but not the interest, $2.50, and also accounts for interest $26.88—$76.88, $1,-204.80, $1,381. 68; undisputed credits, $13.85; guardian's charges, $7, making $20.85, and leaving $1,360.83. The twelfth report, as numbered, was filed February 8, 1883. With this report were the following vouchers, executed by the ward or by his authority, and the money paid to him, or his agent : 1st. I, William L. La Follette, as an heir of Harvey M. La Follette, deceased, hereby acknowledge the receipt of the sum of $1,299.68 in full of all demands due me from John

Higgins, my guardian, and I hereby represent, that on the 30th day of November, 1881, I arrived at the age of twenty-one years. In witness whereof, I have hereunto subscribed my name, this 10th day of January, 1882.

"WILLIAM L. LA FOLLETTE."

"'2d. I, William L. La Follette, as an heir of Harvey M. La Follette, deceased, hereby acknowledge the receipt of ($51) fifty-one dollars in full of all demands due me from John Higgins, my guardian, and I hereby represent that on the 30th day of November, 1881, I arrived at the age of twenty-one years. In witness whereof I have hereunto subscribed my name this 28th day of March, 1882.

"'WM. L. LA FOLLETTE.'

"From the foregoing the defendant received of his ward's money, August 3d, 1866, $199.54, January, 1867, $464.40, January, 1868, $328.20, making $992.15 ; he accounted for interest, $1,151.89, making $2,144.04; his credits amounted to $790.71 ; he paid his ward January 10th, 1882, $1,299.68 ; he paid his ward March 28th, 1882, $51, making $2,141.39, leaving $2.65, which is $2.50 not credited back, as hereinbefore found, where it should have been, and 15 cents probably growing out of the difference in calculations. The money was loaned at different rates of interest, mostly at ten per cent. At times some portion was deposited in the National Bank of Thorntown in his individual name and with other funds belonging to him in the same account, and he was an ordinary business man, but all of the money received by the defendant was not so deposited at the date of its reception. There is no proof of any failure of the defendant to account for interest, and he substantially accounted for all the money he received. The defendant did not, as shown by the dates of the reports heretofore filed, file his reports regularly every two years. At the time the plaintiff became of age, which was November 30th, 1881, and until after the signing of his receipt, he resided in Washington Territory. He executed a power of attorney, appointing one of his brothers to re-

ceive his money then in the hands of this defendant. The attorney in fact examined the reports and objected to voucher 89½ in the tenth report as incorrect; no settlement was made. The receipt of plaintiff himself of date January 10th, 1882, was taken by the defendant for $1,299.68, and money paid. Afterwards the defendant discovered the mistake in voucher 89½ aforesaid, paid $51, being the amount of voucher 89½ aforesaid, and $1 as interest, and took plaintiff's receipt, but the defendant failed to correct the charge of $2.50 in said report credited to him for interest on said erroneous credit. The defendant managed the affairs of his trust with reasonable prudence. At times money was on hands producing no interest, but in what particular sums, or for what particular times, the evidence does not disclose."

Here follows a finding as to a voucher for $100 January 7th, 1868, for running the mill; that there was an error in the statement of the account for services; that services to the amount were rendered, and a general finding that the guardian's charges in managing the trust as to this plaintiff are reasonable.

As conclusions of law the court states "that the plaintiff is not entitled to recover in this action, and that the defendant recover from the plaintiff his costs in this behalf."

The special finding of facts and conclusions of law were filed by the court on the 25th judicial day of the January term, 1886, of the Boone Circuit Court. The appellant at the time excepted to the conclusions of law. The next step taken in the cause was on the forty-second day of the same term of court, when the appellant filed a motion to amend the special finding of facts in numerous particulars. The court sustained the motion in one particular, viz.: "By inserting after the words 'The National Bank of Thorntown,' in the finding, the words 'in his individual name, and with other funds belonging to him in the same account, and he was an ordinary business man,'" and overruled the motion in all

other particulars.  This ruling is assigned as error by the appellant.

There was no error in this ruling that is available for the appellant.  The court had no power after the special finding had been announced and filed to amend or alter the same.  *Clark* v. *State, ex rel.*, 125 Ind. 1 ; *Hartlepp* v. *Whitely*, *post*, p. 576.

The appellant then moved for a *venire de novo*, which was overruled, and he then moved for judgment in his favor on the special finding of facts, which was also overruled.  The appellant then filed a motion for a new trial and the court overruled the same.  To these several rulings of the court the appellant at the time excepted, and assigned such rulings as error.

We have set out the special finding in full, except the detail as to one voucher, and having done so we need not discuss the question arising on the overruling of the motion for a *venire de novo*.  There are certainly no defects in the finding which would authorize the sustaining of such a motion.  A motion for a *venire de novo*, if it be a proper motion in case of a special finding of facts, can only be sustained when such finding is defective in form.  Such a motion is properly made and sustained when the verdict of a jury is defective in form, and reaches such defects as are apparent on the face of the record.  *Dolan* v. *State*, 122 Ind. 141 ; *Mitchell* v. *Friedley*, 126 Ind. 545 ; *Dockerty* v. *Hutson*, 125 Ind. 102.

The finding of facts in this case, while not as succinct as it might have been, yet shows that the appellee had faithfully and honestly discharged the duties of his trust, and accounted for all the money he had received belonging to his ward, the appellant, and for all interest shown to have been collected by him upon money loaned.  After the ward arrived at the age of twenty-one years the appellee paid over to the appellant the amount in the hands of the appellee belonging to the appellant, and took appellant's receipt for the

same. Thereafter the appellee filed his report, together with the receipts of the appellant, and his report was approved. This action is brought to set that report aside.

The appellant is not entitled to recover and have the report set aside unless he makes it appear that some substantial reason exists why it should be. If it should appear from the facts that the guardian had failed to make an inventory to the court in form as contemplated by the statute, or that he had failed to file his report, or reports, at the particular time they were due to be filed, or if in taking a voucher there was an error in the statement as to what it was given for, as if it was stated in the voucher to be for work upon the farm by the guardian, when it was in fact for work upon a mill, or other work, for which the ward was liable to pay, and the amount is correct, and, notwithstanding all these irregularities, it appears that the guardian has faithfully and honestly discharged the duties of his trust and accounted to the ward for all the money and property, and for the interest and use of the same, and made final report of the same, which has been approved, and the ward has in no way been substantially injured by such irregularities, then no reason exists why such final report should be set aside. The ward has not been harmed. The guardian has nothing which belongs to the ward, and no good purpose can be subserved by setting aside such final settlement.

Under the facts found by the court in this case the appellant was not entitled to a judgment in his favor. The facts found simply show that the guardian failed to file an inventory and to file his reports upon the day they were due, and he deposited some of the money when received with his own in bank ; but the finding shows that he accounted for all the money and all the interest collected.

It does not appear from the finding that he could have loaned money at any time when he had it on hands, and that he refused to do so, or that he had money on hands unloaned for any length of time.

It does not appear that the guardian is indebted to the ward in any sum except it may be in a very trivial amount, and the ward had receipted to him in full, and upon such receipts the final report was based and approved. There was no error in overruling appellant's motion for judgment in his favor on the special finding of facts.

The only question presented by the motion for a new trial is as to the sufficiency of the evidence to support the finding of facts.

There is sufficient evidence to support the finding of facts. Where there is evidence tending to support a finding this court will not weigh the evidence.

Numerous and able briefs have been filed on behalf of the appellant, and we have considered the theories presented by counsel. Many of the reasons urged by counsel for a reversal of the judgment are on account of irregularities, and not on account of any substantial injustice done to the appellant, or injustice suffered by him on account of such irregularities.

It is apparent from the record that the ward fared as well, notwithstanding such irregularities, as he would have done if there had been a strict compliance with the letter of the statute.

The statute, section 2403, R. S. 1881, provides that final settlements of estates, or so much thereof as affects the party adversely, may be set aside. It is certainly not intended that final settlements, either of estates or guardianship, should be set aside, unless the person seeking to have them set aside has been injuriously affected by the acts of the executor, administrator or guardian, whose report has been approved.

Section 398, R. S. 1881, provides that this court shall disregard any error which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of errors or defects not affecting the substantial rights of the parties.

La Follette *v.* Higgins.

The ward in this case was entitled to have the guardianship faithfully and honestly administered, and to have the guardian account to him for all money received belonging to the ward, together with all interest collected on the same by keeping the same loaned as much of the time as it could be by the exercise of reasonable diligence on the part of the guardian. This has been done.

The mingling of the ward's money with that of the guardian, if the guardian has fully accounted for all the money of the ward and the interest thereon, does not operate injuriously to the ward; he is in just as good position as he would have been had the money not been so mingled. If the guardian fail to file a report the day it be due, but afterwards does file a report and accounts for all that be due a ward, and the report be approved, such action of the guardian and court do not affect the ward adversely or operate to his injury to such an extent as to require the reversal of a judgment refusing to set aside the final settlement report on account of such failure or irregularities.

On examination of this case we are satisfied that substantial justice was done by the judgment of the circuit court.

It is true, the statute subjects the guardian to certain penalties for the failure to comply with the letter of the statute in administering his trust, but when the guardian has executed his trust faithfully and honestly, and has accounted to his ward for all money received by him, together with all interest due the ward, and the ward after his arrival at twenty-one years of age has receipted in full to the guardian, and the guardian has submitted his final report to the court, together with the receipts of the ward and it has been approved, this court will not reverse a judgment of the circuit court declining to set aside such final settlement on account of mere irregularities in the execution of the trust.

Judgment affirmed, with costs.

Filed Oct. 27, 1891.