BURNETT *v.* MILNES ET AL.

[No. 18,030.   Filed Feb. 25, 1897.   Rehearing denied June 11, 1897.]

JUDGMENTS.—*Setting Aside for Fraud.*—A judgment refusing to admit a will to probate will be set aside for fraud where the father of infant devisees, with the assistance of the attorney who wrote the will, satisfied the claims of all other persons interested, and then appeared in court as a contestant, and stated to the guardian *ad litem* for his minor children that it was an agreed case, and that all the parties were satisfied with the steps which were being

taken, in reliance upon which such guardian filed only formal answer and gave no further attention to the case.  *pp. 532–534.*

ABATEMENT.—*Action to Set Aside Judgment.—Death of Party, Who Is a Married Woman.*—An action by a married woman to set aside a judgment refusing to admit a will to probate, does not abate upon her death, and her administrator may be substituted as plaintiff. *p. 235.*

PLEADING.—*Action to Set Aside Judgment for Fraud.—Death of Plaintiff Who Was a Married Woman.—Parties.*—A husband and daughter of a devisee who dies after commencing an action to set aside, for fraud, a judgment refusing to admit the will to probate, have such an interest, as the heirs of such plaintiff, as make them proper parties plaintiff after her death. *p. 235.*

COURT.—*Discretion as to Amendment of Pleadings.*—The trial court has a wide discretion in the matter of amendments to pleadings, and unless it clearly appears that there was an abuse of discretion the Supreme Court will not interfere. *p. 235.*

EVIDENCE:—*Action to Set Aside Judgment.—Hearing by Court After Rendition of Judgment.*—Where in the trial of an action to set aside, for fraud, a judgment refusing to admit a will to probate, it is shown that, at the time the judgment refusing to admit the will to probate was rendered, the trial court was kept in ignorance of certain transactions now alleged to be fraudulent, evidence is not admissible to show that the court rendering the original judgment, and but a few days thereafter, and during the same term of court, called for more evidence, and, after being fully advised as to such transactions, permitted the judgment to stand. *p. 237.*

From the Bartholomew Circuit Court.  *Affirmed.*

*M. D. Emig, Marshall Hacker* and *Charles F. Remy,* for appellant.

*George W. Cooper, C. B. Cooper, S. Stansifer, C. S. Baker* and *W. H. Everroad,* for appellees.

MONKS, J.—This action was brought by appellees against appellant to set aside, on account of the alleged fraud of appellant in procuring the same, a judgment of the Bartholomew Circuit Court refusing to admit to probate the last will and testament of Jeanette Burnett, deceased, and adjudging the same to be null and void.  The cause was tried by the court, and there was a finding in favor of appellees, and over a motion

for a new trial, judgment was rendered in favor of appellees setting aside said judgment.

The first error urged calls in question the action of the court in overruling the demurrer to the complaint. The allegations of the complaint supporting the charge of fraud in procuring the judgment which it is sought to set aside are substantially as follows:

Jeanette Burnett, Sr., a widow, having only one child and heir, William Burnett, the appellant, owned a large tract of land, and personal property to the amount of five thousand dollars, all of which she willed to her two little granddaughters, Jeanette and Nannie Burnett, aged fourteen and twelve years respectively, the children of her said son, except forty acres of land which she gave to Wm. H. Bush, and five hundred dollars which she gave to the Methodist church at Petersville. An attorney, in no way connected with this appeal, wrote the will, and at her request became a witness thereto; the other witness soon after attesting the will became a nonresident of the State, and has ever since been absent therefrom. On the death of the testatrix, appellant, the son, undertook to set aside this will, and did obtain a judgment of the Bartholomew Circuit Court annulling the same. The complaint charges that the judgment was obtained by fraud, and among other circumstances and details given, it charges that appellant first employed the attorney who wrote the will, and agreed to, and did, pay him $1,000.00 to aid and assist him in getting rid of the will.

Among the things which the complaint charges were done by said attorney are these: That he counselled and advised and assisted the appellant in preparing his case for trial; that he aided the appellant in securing compromises with the said Bush and the trustees of said church, who were the only adult lega-

tees in said will, for the purpose of keeping them out of court; that after compromising with and silencing them, the said attorney appeared in court and falsely represented to the court that he produced and deposited the said will as the representatives of the said Bush and the other legatees who had been compromised with, thereby making them the proponents of the will; that the appellant, in order to present to the court the appearance of an adversary proceeding, suppressed from the court the knowledge that said attorney who wrote and attested the will was his attorney, employed other attorneys, and procured them to file his objections to the probate of the will; that the adult defendants before mentioned were thereafter proceeded against adversely, regularly summoned and defaulted, precisely as if no compromise had been made with them; that when the case was called for trial a guardian *ad litem* was appointed for the two infant defendants who were then only twelve and fourteen years of age respectively; that the appellant informed the guardian *ad litem* that the defendants whom he was appointed to represent were appellant's own children, that it was an agreed case; that all the parties were satisfied with the steps that were about to be taken, and that the guardian *ad litem* relied upon these representations, filed a formal answer and gave no further attention to the case; that he was not present in court at the trial; that none of the adult legatees were present; no witnesses were subpoenaed or examined to sustain the will; that the said attorney, the only resident attesting witness to the will, refused to testify to the sanity of the testatrix; and that by the false testimony of the appellant, his father-in-law and brother-in-law, the will was set aside; that the employment by appellant of the attorney who wrote the will and attested it, and the

compromises, by which the adult beneficiaries were silenced, were all kept from the knowledge of the court.

The facts here stated make a case of fraud upon the court and upon the rights of the infant defendants. *Loomer* v. *Wheelwright*, 3 Sandf. Ch. *135; *Kirby* v. *Kirby*, 142 Ind. 419; *Ward* v. *Town of Southfield*, 102 N. Y. 287, 6 N. E. 660; *Verplanck* v. *VanBuren*, 76 N. Y. 247; *Graver* v. *Faurot*, 19 C. C. A. 680, 73 Fed. 1022; Beach Modern Equity, section 921; Freeman on Judgment, 491, 493 and 111a.

It is a case where appellant has paid or otherwise satisfied all persons interested in the probate of the will except his own children who are of tender years and are under his control. Bush and the trustees of the church have no further interest in the will or the probate thereof. The guardian *ad litem* for the children makes no defense for the reason alleged that appellant informed him that it was an agreed case, and that all parties were satisfied with the steps about to be taken to set aside said will. The attorney who wrote the will is one of the attesting witnesses, produces the will in open court for Bush and the other legatees have been paid one thousand dollars by appellant for merely nominal services in defeating the will. It is shown by the allegations of the complaint that appellant either directly or indirectly managed and controlled both sides of the case, and that the judge was imposed upon.

Under such circumstances, a final judgment, even in a criminal case, has been declared void. *Halloran* v. *State*, 80 Ind. 586; *Watkins* v. *State*, 68 Ind. 427; *State* v. *Green*, 16 Iowa 239; Wharton's Crim. Prac. and Pl., section 451; 1 Bishop Crim. Law, section 1010.

The demurrer to the complaint was properly overruled.

Burnett *v.* Milnes *et al.*

The next error urged is that the court erred in permitting appellees to file an amended complaint, over objection of appellant.

This action was commenced by Jeanette Milnes, who was a daughter of appellant and one of the legatees under said will, and her husband, Thomas C. Milnes. Afterwards, a rule was entered against appellant to answer the complaint. Before an answer was filed, Jeanette Milnes died intestate, and on suggestion of her death, her administrator was, by order of court, substituted as a party plaintiff. Thereupon, by leave of court, an amended and substituted complaint was filed by said administrator and the husband and daughter, the only heirs of said deceased.

The husband was a proper, but not a necessary, party in the original complaint. *Roller* v. *Blair*, 96 Ind. 203; *Atkinson* v. *Mott*, 102 Ind. 431.

The death of the wife did not cause the action to abate. Section 272, Burns' R. S. 1894. Appellant was in court to answer the cause of action set forth in the original complaint. The cause of action was not changed by the death of said plaintiff, and her administrator was properly substituted as a plaintiff, and the husband and daughter having an interest in the cause of action as her heirs were also proper parties plaintiff after her death.

It is well settled that the trial court has a wide discretion in the matter of amendments, and unless it clearly appears that there was an abuse of discretion, this court will not interfere. *Nysewander* v. *Lowman*, 124 Ind. 584.

There was no error, therefore, in permitting appellees to file the amended and substituted complaint. Neither did the court err in overruling the appellant's motion to quash the summons.

The fourth and fifth errors assigned are that the

court erred in overruling motions to suppress parts of the deposition of certain witnesses, present no question, for the reason that they must first be specified as causes for a new trial, and have no place in an assignment of errors.

The seventh error assigned is that the court erred in overruling the motion for a new trial.

Specifications for a new trial numbered from five to sixteen inclusive, call in question the action of the court in permitting appellees to read in evidence parts of the depositions of certain witnesses. Appellant made no objection and reserved no exception to the reading of said depositions or any part thereof in evidence.

The record shows that appellant did make motions to suppress parts of two depositions which were overruled, but we cannot consider these rulings of the trial court for the reason that they have not been specified as causes for a new trial. *National Bank, etc., Co.* v. *Dunn*, 106 Ind. 110; *Hatton* v. *Jones*, 78 Ind. 466.

It is attempted by causes for a new trial numbered from seventeen to thirty-five inclusive, to present the question of the admissibility of certain testimony, but it is shown by the record, either that no objection was made to the introduction of the evidence, or if there was that no exception was reserved to the action of the court in permitting the same to be given. No question is therefore presented by such specifications for a new trial.

The alleged errors of the court specified in cause 17, 18, 19, 20, 22, 23, 27, 28, 29, 33, 36, and 37 for a new trial are waived by the failure on the part of appellant to point out in his brief the line and page where such rulings are shown. *Memphis & Cincinnati Packet Co.* v. *Pikey*, 142 Ind. 304; *Harness* v. *State, ex rel.*, 143 Ind. 420, 422.

During the progress of the trial appellant offered to prove by certain witnesses that after the judgment declaring said will was void and refusing to admit the same to probate was rendered, some one met the judge who rendered said judgment on the street and informed him that appellant had before the will was offered for probate paid the trustees of the church the full amount of the legacy to said church and agreed to convey to Bush the forty acres of land devised to him, and that the court after the judgment was rendered, and at the same term of court, caused appellant to be recalled as a witness, and he testified that he had paid said legacy and agreed to convey said real estate.

The court properly excluded this evidence for the reason that after making the finding and rendering the judgment declaring said will was void and refusing to admit the same to probate, the trial court had no power or authority to hear evidence or take any steps therein except such as are proper after judgment, as granting a new trial on motion, etc. *Hartlepp* v. *Whitely, etc., Co.*, 131 Ind. 543; *Hartlepp* v. *Whiteley*, 129 Ind. 576; *La Follette* v. *Higgins*, 129 Ind. 412; *Clark* v. *State, ex rel.*, 125 Ind. 1; *Continental Ins. Co.* v. *Kyle*, 124 Ind. 132; *Sharp* v. *Malia*, 124 Ind. 407; *Levy* v. *Chittenden*, 120 Ind. 37, 41; *Wray* v. *Hill*, 85 Ind. 546; *Martindale* v. *Palmer*, 52 Ind. 411; *Wright* v. *Hawkens*, 36 Ind. 264.

If appellant procured the judgment by fraud, as alleged, he could not avoid the effect thereof by making a full disclosure of the facts to the court after said judgment was rendered and the power of the court over the same was at an end.

There is evidence which sustains the allegations of the complaint, and although there is some conflict, this court cannot interfere with the finding of the trial court.

Judgment affirmed.