## MILLER ET AL. *v.* KETCHUM ET AL.

[No. 14,215.   Filed January 29, 1932.   Rehearing denied May 19, 1932.]

*Hugh D. Wickens,* for appellants.
*Titsworth & Titsworth,* for appellees.

KIME, J.—This was an action by Gates Ketchum, the assignee for the benefit of creditors of Charles M. Miller. The complaint was in one paragraph naming all the appellants and numerous appelleees as defendants therein. The complaint alleged that Chas. M. Miller obtained his title to the real estate by virtue of the terms of the will of his father, John B. Miller. That, on January 17, 1922, Chas. M. Miller obtained a judgment against Nellie Miller, Floyd Miller, Norma L. Miller, Lannetta Miller, Anna J. Miller, Burton V. Miller, Myrta Miller, Virgil Miller, Oren Miller, Carroll Miller, Rue Miller, Grace Miller, Lotus Miller, Alba Hurst, Fannie M. Hurst, Ethel L. Mahan and Ella L. Cotton, in which the court decreed Charles M. Miller to be the owner in fee simple of the realty here involved. That the judgment was not appealed. The prayer was for a construction of the will which had been set out, for the establishment of the various liens of the defendants and that title be quieted and an order of sale be made to discharge the indebtedness.

Appellees Norris, Inlow, Talbott, Manilla Bank, Arlington Bank and Rush County National Bank answered by general denials. Appellees Inlow and the Manilla Bank filed cross-complaints settting up liens.

Appellants, by their next friend, filed a cross-complaint against Ketchum, assignee, Chas. M. Miller, Nellie Miller, William E. Inlow, Emma S. Talbott, Manilla Bank, Rush County National Bank, Verne E. Norris, Trustee, and the Arlington Bank. After alleging the various interests of the parties named in the cross-complaint, they made the following allegations: That the

judgment rendered on January 17, 1922, was procured by fraud; that the attorneys who brought the action on behalf of Chas. M. Miller were employed by Manilla Bank and Wm. E. Inlow; that the Manilla Bank and Inlow controlled the actions and conduct of Chas. M. Miller because of indebtedness to them.

That a guardian ad litem was appointed for the three minors then in being (Johnson C. Miller was not in being at that time) by the court, at the suggestion of the aforesaid attorneys for Inlow and the Manilla Bank; that the guardian ad litem was an attorney who had offices with the aforesaid attorneys; that the guardian ad litem "made no defense—made no effort to present any questions of law or fact to the Court—that no demurrer was ever filed—nor was any effort made to present any questions of law or fact to this Court on the trial of said cause. That said guardian ad litem and said plaintiff in said action, with the intent and purpose to foreclose the rights of said infants, failed and neglected to ask or cause any ruling to be made on" the paragraph of that complaint seeking a construction of said will and no finding or judgment was rendered thereon; that, at the time of the proceeding, Johnson C. Miller was not in being and the others were all minors residing in the home of Chas. M. Miller and were in his custody. "That none of said infant defendants were served with process or notice of the filing and pending of said action.—and the record of said action in said cause does not show that said infants were served with such process but, on the contrary, shows that no such service was had nor proof thereof made to the Court.

"That by reason of said condition and the failure of said guardian ad litem to act or represent the interest of said infant defendants herein, the facts in said case and the law applicable thereto were not presented to

said Court and that thereby said Court was imposed upon and misled and caused to render said judgment quieting title of said Chas. M. Miller against the minors represented by this guardian *ad litem* and that if the true facts and the issues of law had been presented to said Court arising upon said action to quiet title, said Court would not have rendered such judgment against said infant defendants and would not have quieted title to said real estate as against them. That said judgment was procured by the connivance of said Manilla Bank and said Inlow for said Chas. M. Miller and by reason of the influence and control exercised over him by reason of the indebtedness he was owing to said Bank and said Inlow and because of the facts aforesaid, said Manilla Bank and said Inlow, in the name of said Chas. M. Miller, controlled and directed both the prosecution and defense of said action, and thereby procured said judgment to be rendered without any actual re-presentation or presentation of the rights of said infant defendants."

Appellee Ketchum demurred to this cross-complaint and, for ground of demurrer, says that it does not state facts sufficient to constitute a cause of action.

Appellees Manilla Bank, Rush County National Bank, Arlington Bank, Inlow, Talbott and Norris also filed separate demurrers on the same theory.

All these demurrers were sustained by the court. Appellants separately and severally, through their next friend, excepted to this action, refused to plead further and elected to stand upon their cross-complaint and the ruling thereon. The cause was then submitted for trial, judgment was rendered adverse to the appellants, to which they objected and excepted.

They assign as error here and rely thereon that the court erred in sustaining the demurrer of Ketchum, Trustee, to the cross-complaint of appellants and each

of them. There is a separate assignment for the demurrer of each party last named above, but all are substantially the same and raise the same question.

The allegations of the cross-complaint are sufficient to constitute a cause of action because, if substantiated, they would make a case of fraud not only upon the minors but upon the court. *Burnett* v. *Milnes* (1897), 148 Ind. 230, 46 N. E. 464, and authorities there cited.

The appellants alleged in their cross-complaint that the record of the former judgment set up in the complaint and cross complaints of appellees did not show any service of process upon the appellants and, on the contrary, shows that no such service was had nor proof thereof made to the court. No objection was made by appellees or any of them, either by motion to make more specific or otherwise to the sufficiency of such pleading or these particular averments, therefore, the same must be held sufficient. Appellees objections now made that these averments are conclusions, is unavailing at this time, and the allegations must be accepted as true and properly made. §360 Burns 1926, Acts 1915 p. 123. *Cline* v. *Rodabaugh* (1931), 179 N. E. (Ind. App.) 6. The case of *Young* v. *Wiley* (1914), 183 Ind. 449, 107 N. E. 278, cited by appellant as holding that certain averments as to what was shown by the record were not well pleaded, and older cases to the same effect, were decided before the enactment of the above statute and have been superseded by the rule there established. This is also true of the allegations of fraud set out above.

The various demurrers to the cross-complaint should have been overruled. This judgment is, therefore, reversed, with direction to the trial court to overrule all of said demurrers to the cross-complaint of these appellants, and this is our order.