Hilgenberg *v.* Northup *et al.*

No. 16,053.

HILGENBERG *v.* NORTHUP ET AL.

SPECIAL FINDING.—*Practice.*—*Motion to Modify.*—*Power of Court to Change its Finding.*—Where a court finds a fact not supported by the evidence, or fails to find a fact which the evidence requires it to find, the remedy is by a motion for a new trial, and not by a motion to alter or change the finding. A court has no power to change, in any manner, its finding after the same has been filed and announced.

REAL ESTATE.—*Color of Title.*—*Permanent Improvements.*—*Presumption of Good Faith.*—*Special Finding.*—*When Erroneous.*—Where a person has color of title to land, and makes permanent improvements on the same, the appellate tribunal will presume, until the contrary is shown, that they were made in good faith; and where the court finds to the contrary, and the finding is not supported by the facts in the finding, as well as those in evidence, the finding will be held erroneous.

From the Marion Superior Court.

*C. S. Denny* and *W. Elliott,* for appellant.

*W. Patterson,* for appellees.

COFFEY, C. J.—This was an action by the appellee Mary Northup, in the Marion Superior Court, to recover the possession of the real estate described in the complaint.

The appellant filed a cross-complaint in which he sought to recover from the appellees the amount paid by him in the purchase of the real estate in dispute at a tax sale, taxes subsequently paid, and the value of permanent improvements made on the premises. The court made a special finding of the facts proved on the trial of the cause, and stated its conclusions of law thereon.

It appears, from the special finding of facts, that the appellees, Mary Northup and Thomas Knox, the latter being a minor, are the owners in fee and tenants in common of the real estate in controversy.

Hilgenberg *v.* Northup *et al.*

On the 11th day of February, 1880, the appellant purchased the land at a tax sale, and on the 21st day of February, 1882, obtained a tax deed therefor from the city of Indianapolis. At the time of the purchase, the property was unimproved, but in the month of March, 1888, the appellant placed permanent improvements upon it of the value of one hundred and fifty dollars. The property consists of a lot in West Indianapolis, of the value of two hundred dollars, and was of the rental value of ten dollars *per annum*. In addition to the above findings, the court entered the following special finding: "4th. And the court finds as an inferential fact that at the time of making said improvements the said Hilgenberg did not believe he had a good title to said lot, but hoped to secure one thereby, in preventing and obstructing a redemption of said lot from sale, by improving it to an amount equal to its value."

The only question presented for our consideration relates to the correctness of this latter finding, the appellant contending that it is wholly unauthorized by any evidence in the cause.

The appellant filed a motion in the court below "to correct and re-state the fourth finding of facts and to make it conform to the facts as established by the evidence, and, particularly, to state the improvements made by this defendant were made in good faith." This motion was overruled, and the appellant excepted. He also filed a motion for a new trial, which was overruled.

The court did not err in overruling the motion to correct and re-state its finding of facts. The court had no power to alter or change, in any manner, its finding after the same had been filed and announced. If the court finds a fact not supported by the evidence, or if it fails to find a fact which the evidence requires it to find, the remedy is by motion for a new trial, and not by a motion

to alter or change the finding.      *Levy* v. *Chittenden,* 120 Ind. 37; *Wray* v. *Hill,* 85 Ind. 546; *Clark* v. *State, ex rel.,* 125 Ind. 1;   *La Follette* v. *Higgins,* 129 Ind. 412; *Hartlepp* v. *Whiteley,* 129 Ind. 576.

After a careful consideration of all the facts stated in the special finding, as well as all the evidence in the cause, we have reached the conclusion that the court erred in the fourth finding above set out.   There is certainly nothing in the facts stated in the special finding which would warrant the inference that the improvements made by the appellant upon the lot in controversy were made in bad faith.

''Good faith is the opposite of bad faith, and bad faith and fraud are synonymous.   Fraud is never presumed, except where the law peremptorily so declares, but must be proven.''   *Stark* v. *Starr,* 1 Sawyer (U. S.), 15.

The appellant having color of title to the lot in question, and having made permanent improvements on the same, we must presume that such improvements were made in good faith, until the contrary is shown.   *Bates* v. *Pricket,* 5 Ind. 22; *Adams, Assignee,* v. *State,* 87 Ind. 573.

An examination of the evidence in the cause, if we are permitted to refer to it on the question now under discussion, will disclose the fact that no effort was made by the appellees to show that the appellant, at the time he made the improvements for which he seeks compensation, was acting in bad faith.

Judgment reversed, with directions to the Marion Superior Court to grant a new trial.

Filed March 17, 1893.