STEMPEL FIRE EXTINGUISHER MANUFACT-URING COMPANY, Respondent, v. THE NAT-IONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

**St. Louis Court of Appeals, December 1, 1903.**

**APPELLATE PRACTICE.** Where no bill of exceptions is filed and there is no error in the record proper, there is nothing to review.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster*, Judge.

AFFIRMED.

*Yates, Mastin & Howell* for appellant.

(1). The petition is fatally defective. It fails to state the value of ownership of the property insured. A petition for a recovery of a loss under a fire insurance policy must state the ownership of the insured property by the plaintiff at the time of the fire and the value of the property destroyed. Story v. Ins. Co., 61 Mo. App. 534; Harness v. Ins. Co., 62 Mo. App. 254; Scott v. Ins. Co., 65 Mo. App. 75; Green v. Ins. Co., 69 Mo. App. 429; Coleman v. Ins. Co., 69 Mo. App. 566; Wright v. Fire Ins. Co., 73 Mo. App. 365. (2) The doctrine of aider by verdict can not be invoked to supply the lack of such averments. That rule is only applied where the petition makes an imperfect statement of the cause of action. It can not supply entire absence of essential averments.

*Sim T. Price* and *Fredk. A. Wind* for respondent.

(1)  The petition states a cause of action.  It avers that defendant by its policy insured plaintiff against loss on its merchandise in the sum of $1,250, and machinery in sum of $1,250, and that while the policy was in force, plaintiff sustained a loss by fire on both items, exceeding the insurance in amount.  If that is not an express averment of ownership and value, it can certainly be inferred from it.  Ins. Co. v. Tribble & Pratt, 86 Mo. App. 546; Rogers v. Ins. Co., 93 Mo. App. 24; Doerner v. Doerner, 161 Mo. 399; Castor v. Chase, 160 Mo. 418; Fisher v. Lead Co., 156 Mo. 479; Powell v. Sherwood, 162 Mo. 605; Newton v. Newton, 162 Mo. 173.  (2)  (a)  Judgment can not be disturbed for any "insufficient pleading" or "omitting any allegation or averment without proving which the terms of the issue ought not to have given such a verdict."  R. S. 1899, sec. 672, subdiv. 5 and 9.  (b)  The omission of the averment of value and ownership could be amended in this court.  R. S. 1899, sec. 673; Bank v. Leyser, 116 Mo. 51; Bank v. Scatzo, 126 Mo. 164; Barnett v. Tel. Co., 48 Mo. App. 566.  (3) (a)  The evidence or agreed statement of facts, the motion for a new trial and motion in arrest of judgment not having been made part of the record by bill of exceptions, this court can only consider the pleadings and judgment.  Scaggs v. Ins. Co., 94 Mo. App. 88; Gast v. Fennimore, 84 Mo. App. 228; Pinch v. Guardian, 92 Mo. App. 263; Bank v. Mc-Mullin, 85 Mo. App. 142.  (b)  And the abstract must show filing of bill of exceptions.  Jordan v. Railroad, 92 Mo. App. 81; Western v. Kolkmeyer, 91 Mo. 286.

BLAND, P. J.—The material parts of the petition are as follows:

"That on, to-wit, the twenty-sixth day of October, 1901, the said defendant issued to the plaintiff its policy of insurance No. 860727, whereby it insured the plain-

tiff against all direct loss or damage by fire to an amount exceeding two thousand five hundred dollars as follows: One thousand two hundred and fifty dollars on stock, in number consisting principally of fire extinguishers and parts of same, and on materials and appliances incident to the business, including advertising matter; and one thousand two hundred and fifty dollars on machines, machinery, including extra parts, and on electric motor and all appliances for furnishing or transmitting power, tools, implements, utensils, office and factory furniture and fixtures, signs and awnings, and all equipments of premises, except stock; all while contained or attached to the building situated at 622 and 624 North Main street, block No. 14, St. Louis, Missouri, for which said policy the said plaintiff paid to the said defendant thirty two and fifty-hundredths dollars; said policy is herewith filed and marked exhibit 'A.'

"Plaintiff further states that on, to-wit, the thirty-first day of January, 1902, said policy being then in force, the plaintiff sustained a loss by fire as follows: On the stock, two thousand and fifty dollars; on the machinery, two thousand one hundred and eighty and seventy-four hundredths dollars; that proof of said loss was made by the plaintiff on the eighth day of Feburary, 1902, and accepted by defendant; that by the terms of the policy the amount due thereunder was payable sixty days after the proof of said loss.

"Plaintiff further states that it has often demanded of the defendant the payment of said sum of twenty-five hundred dollars and the defendant has failed and refused to pay the same.

"Wherefore, plaintiff prays judgment for the said sum of twenty-five hundred dollars together with interest from the tenth day of April, 1902, at the rate of six per cent per annum, together with its costs."

The answer is as follows, omitting caption:

"Comes now the defendant and for answer to plaintiff's petition admits that plaintiff is a corporation, as

therein alleged; admits that defendant is a corporation, as in said petition alleged, and that as such it made and delivered to the plaintiff the policy of insurance sued on whereby it insured the plaintiff against all direct loss or damage by fire to the amount of one thousand two hundred and fifty dollars on plaintiff's stock in trade, consisting principally of fire extinguishers and parts of same and on materials and supplies, including advertising matter; also twelve hundred and fifty dollars on machinery, including extra parts, electric motor and all appliances for furnishing or transmitting power, tools implements, utensils, office and factory furniture and fixtures, signs and awnings and all equipments of the premises except stock, contained in or attached to the brick building, situate at numbers 622 and 624 North Main street, St. Louis, Missouri.    Defendant admits that on the first day of January, 1902, while said policy was in force the plaintiff sustained a partial loss and damage by fire of two thousand and fifty dollars on the first item mentioned in the policy of insurance, and of two thousand one hundred and eighty dollars on the second item mentioned in said policy of insurance.

"Defendant avers that among other conditions contained in said policy of insurance sued on was the following: 'In consideration of the reduced rate of premium charged for this policy it is hereby mutually understood and agreed that this company shall, in case of loss or damage, be liable for such portion only of the loss or damage as the amount insured by this policy shall bear to the actual cash value of the property covered by this policy at the time of the fire.'

"Defendant avers that the regular rate of premium charged by it upon the risk of plaintiff so insured by the defendant as aforesaid, when the clause or condition last hereinbefore quoted, and called the reduced-rate agreement, was not attached to and made a part of its policy of insurance, was $36.25; that the rate charged for such insurance by the defendant when said clause

and condition was attached to and made a part of its policy was $32.50.

"That prior to the execution and delivery to the plaintiff of said policy of insurance the defendant informed the plaintiff of said difference in the premium rate charged therefor, and defendant gave to the plaintiff the option of taking its policy of insurance with said above-quoted reduced-rate agreement incorporated in and made a part of the same and paying therefor the sum of $32.50 or of taking a policy of insurance without any such clause attached to and made a part of the same and paying therefor the higher rate of $36.25.

"Defendant avers that the plaintiff elected to pay to the defendant the lower rate above referred to, namely $32.50, in consideration whereof plaintiff accepted from defendant the policy sued on with the stipulation and condition therein as hereinbefore recited.

"Defendant avers that at the time of the happening of the loss sued for the actual cash value of the property covered by the first item of insurance mentioned in said policy was six thousand two hundred and fifty-seven dollars; that the actual cash value of the property mentioned in the second item of insurance, contained in said policy, was three thousand five hundred and eighty-two dollars and fifty-four cents. And defendant avers that, according to the terms of the said reduced-rate premium hereinbefore recited, it was and is liable to the plaintiff in the sum of four hundred and eight dollars and ninety-three cents on account of said first item of insurance, and the sum of seven hundred and sixty dollars and eighty-nine cents on account of said second item of insurance, making a total of eleven hundred and sixty-nine dollars and eighty-two cents, and that defendant is liable for no other or further sum whatever. That defendant has ever been ready and willing to pay said sum in full settlement of its liability under the policy sued on and is now willing that the plaintiff shall have judgment therefor, together with legal interest,

from the time when the same became due and payable for all costs accrued up to the time of filing the answer, but defendant denies that it is indebted to the plaintiff in any greater amount. Further answering defendant denies each and every allegation, matter, fact and thing in said petition contained not hereinbefore admitted, and, having fully answered, asks to go hence with costs.''

The issues were submitted to the court on the following agreed statement of facts:

''1. The policy of insurance sued on is to be considered as in evidence, and is hereby made a part of this agreed statement of facts as fully as if set out herein *in haec verba.*

''2. The proofs of loss, marked 'Exhibit B.,' are to be considered as in evidence, and are hereby made a part of this agreed statement of facts as fully as if set out herein *in haec verba.*

''3. Subject to the objection that same is incompetent, irrelevant and immaterial, defendant offers the following facts which are to be considered as a part of this statement subject to such objection:

''A. That the defendant's company would have charged a premium of thirty-six dollars and twenty-five cents for a policy of insurance identical in all particulars with the policy in suit except that the same would not have contained the following clause or provisions:

'' 'Reduced-Rate Agreement—Full-Value Insurance.'

'' 'In consideration of the reduced rate of premium charged for this policy, it is hereby mutually understood and agreed that this company shall, in case of loss or damage, be liable for such portion only of the loss or damage as the amount insured by this policy shall bear to the actual cash value of the property covered by this policy at the time of the fire. Provided, however, that if the whole insurance shall be greater than the

value of the property covered, this company shall not be liable for a greater portion of the loss or damage than the amount insured by this policy bears to the whole insurance covering the property at the time of the fire.'

"B.    That for a premium charge of thirty-two 'dollars and fifty cents, the policy in suit, and made part hereof, was issued, which premium charge was the regular rate charged for a policy of the amount and cover-. ing the property at the location therein described and with the conditions and provisions therein specified.

"4.    The value of the property named in the first classification mentioned in plaintiff's petition and in the policy sued on was six thousand two hundred and fifty-seven dollars at the time of the fire.

"5.    That the value of the property named in the second classification mentioned in plaintiff's petition, and in the policy sued on, was thirty-five hundred eighty-two dollars and fifty-four cents, at the time of the fire."

Judgment was given by the court for the full amount of the loss.    Defendant appealed.

No bill of exceptions was filed and hence no exceptions were saved at the trial, therefore, there is nothing further to review. Donaldson v. Thompson, 120 Mo. 152; Lilly v. Menke, 126 Mo. l. c. 231.

The judgment is affirmed. *Reyburn* and *Goode, JJ.*, concur.