[No. 5084.]
[No. 2652 C. A.]

Carr v. Willoughby & Company.

1. **Appellate Practice—Agreed Statement of Facts—Bill of Exceptions.**

   A statement of facts agreed to as the facts of the case is not part of the record unless embodied in a bill of exceptions. —P. 359.

2. **Same—Motion to Vacate Order—Bill of Exceptions.**

   A motion to vacate an order of dismissal not being such a motion as Mills' Ann. Code, § 387, declares to be a part of the record, is not available on appeal unless presented by bill of exceptions.—P. 359.

3. **Same—Judgment—Presumption of Regularity.**

   The judgment of a county court having jurisdiction of the subject-matter and of the parties, with power to enter the judgment in question, being the judgment of a court of general jurisdiction, the appellate court must presume that the judgment was regular in every respect unless the contrary appears in the record.—P. 360.

*Appeal from the County Court of Summit County.*
*Hon. Wm. Thomas, Judge.*

Action by Mark E. Carr against Willoughby and Company. From a judgment for defendants, plaintiff appeals.        *Affirmed.*

Mr. J. T. Hogan, for appellant.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

July 7, 1900, there was filed in the county court of Summit county a transcript on appeal from a justice court.

September 3, 1901, the county court made and entered the following order in the action: "Now on this third day of September, 1901, it was ordered by the court that this cause be and the same is hereby dismissed for the want of prosecution. It is further ordered that a *procedendo* issue herein."

The errors relied upon for a reversal are that the trial court was wrong: (1) in dismissing said action and ordering a *procedendo* to issue, for the reason that no notice of the motion to dismiss said action was ever given or served upon defendant or his attorney; (2) in denying defendant's motion to set aside the judgment entered September 3, 1901, and to reinstate said cause, for the reason that said judgment was contrary to law and was entered without authority of law.

No bill of exceptions was preserved or filed, and no order with reference thereto was made by the court.

There is copied into the record a motion of defendant, appellant here, to set aside and vacate the order of dismissal entered September 3, 1901, and what purports to be a statement of the facts agreed upon as being the facts of the case. This motion was not such a motion as comes within § 387, Mills' Ann. Code, and is not a part of the record proper; nor is what purports to be the agreed statement of facts, upon which the motion was presented to the court, a part of the record proper.

Such matters can only become a part of the record by being embodied in a bill of exceptions,

and rulings on the motion and consideration of the agreed statement of facts in support thereof are available, on appeal, only in case the same are preserved by bill of exceptions.—*Wagner-Stockbridge Co. v. Goddard*, 33 Colo. 387; *Everett v. Wilson*, 83 Pac. 211.

The facts upon which the court acted in dismissing the action, and in refusing to reinstate the same, not being preserved by bill of exceptions, are not before us. The judgment being that of a court of general jurisdiction, having jurisdiction of the subject-matter and of the parties with power to enter the judgment in question, we must presume that the judgment was regular in every respect, unless the contrary appears in the record.—*Carnahan v. Connelly*, 17 Colo. App. 98.

There being nothing in the record to indicate irregularity in the judgment, it must be affirmed.

*Affirmed.*

Chief Justice Gabbert and Mr. Justice Gunter concurring.