BROWN *et al.* v. CAPITAL TOWNSITE CO.

No. 817, Ind. T.    Opinion Filed June 25, 1908.

(96 Pac. 587.)

1.    **JUDGMENT—Authority of Court After Rendition.** After the special findings of the court are filed, and judgment rendered thereon, the power of the court over it is abandoned, except that the court may, at any time before the close of the term, grant a new trial.

2.    **SAME—Rendition at Subsequent Term—Validity.** Where the court, upon trial of a cause, renders judgment, and at the same term sets the same aside, it is error, at a subsequent term, to render judgment therein without another trial.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory, Sitting at Sapulpa; before Justice Louis Sulzbacher.*

Action in replevin by Capital Townsite Company against L. K. Brown and R. E. Brown. Judgment for plaintiff. Defendants appeal. Reversed and remanded.

*D. A. McDougal,* for appellants.
*Francis R. Brennan,* for appellee.

KANE, J. This was an action in replevin, commenced by the appellee, plaintiff below, against the appellants, defendants below, to recover possession of certain personal property. The case was submitted to the court upon an agreed statement of facts, upon which the court rendered judgment in favor of the plaintiff, and the defendants, being dissatisfied with the judgment of the court below, took the case by writ of error to the Court of Appeals of the Indian Territory, and it was transferred to this court under the terms of the enabling act and the schedule to the Constitution.

There was no bill of exceptions filed, and the case is here on a transcript of the record.

The assignment of error reads as follows:

"The court erred in finding that the appellee was the owner of the town lot in controversy, upon which the mill was located. Second. The court erred in finding that said mill became a fixture, and part of the realty, by being placed on said lot. Third. The court erred in refusing to grant the plaintiffs in error a trial by jury when demanded by them. Fourth. The court erred in rendering a judgment against plaintiffs in error on the 2d day of August, 1906, without a trial; the former judgment having been set aside. Fifth. The court erred in finding that the defendants in error were the owners of the property described in their complaint. Said finding is without any evidence to support it. Sixth. The court erred in striking from the files the motion of plaintiffs in error for a new trial. Seventh. The court erred in taking jurisdiction of this case, for the reason that the agreed statement of facts showed that the only claim which the defendants in error made to the property in dispute was that it became their property by reason of having been placed on the town lot claimed by them, and said agreed statement further showed that the title to said town lot was, at the time of filing of this suit, and at the time of filing said agreed statement of facts, in contest between plaintiff in error, L. K. Brown, and defendants in error. Therefore said suit was prematurely brought, and the court acquired no jurisdiction."

By reference to the above assignment of error it will be noticed that all but the third and fourth assignments are predicated upon the agreed statement of facts, and required an examination of the evidence adduced at the trial in order to be reviewed by this court.

The agreed statement of facts, not being a part of the record, unless made so by bill of exceptions, cannot be considered on error, though a copy of it is attached to the transcript of the record. *Carr v. Willoughby & Co.*, 36 Colo. 358, 85 Pac. 428. A statement of facts, agreed on as the facts of the case, is not part of the record, unless embodied in a bill of exceptions. *Wagner-Stockridge Mercantile & Drug Co. v. Goddard*, 33 Colo. 387, 80 Pac.

1038. An agreed statement of facts can be brought up, on appeal, only by bill of exceptions, and is not part of the record proper. *Stempel Fire Extinguisher Mfg. Co. v. Nat. Fire Ins. Co.,* 103 Mo. App. 70, 77 S. W. 334. Counsel for appellants seeks to avoid the force of the foregoing authorities by contending that this rule is subject to the modification that if the facts, by which it is sought to show error in the court below, appear by the record proper, they need not be set out in the bill of exceptions, and cites several cases to sustain this proposition. We agree with counsel that, if the error complained of appears by the record, a bill of exceptions is not necessary, but in this case the agreed statement of facts would not be a part of the record unless made so by bill of exceptions; and, this not being done, the court would not be justified in reviewing error predicated upon it.

There seem to have been two judgments rendered in this case, at two different times, and only one trial, for which condition the transcript discloses no clear explanation. The transcript on page 9 states:

"Now, on this day, this cause coming on to be heard, and the case having been submitted to the court for trial without a jury by agreement of the parties hereto, upon the agreed statement of facts made by the parties hereto and filed herein in open court, on March 24,. 1905, and the court, after considering the evidence and briefs and argument of counsel, and being fully informed and advised in the premises, finds all the issues for the plaintiffs," etc.

Then follows judgment in favor of plaintiffs. This judgment seems to have been entered on the 2d day of April, 1906. On the 21st day of May, 1906, the plaintiffs filed a motion in the cause, from which the following excerpt is taken:

"Come now the plaintiffs, and move the court to render judgment upon the findings and verdict of the court, found in this case by the court at the last term of this court, it appearing that the judgment rendered upon said fiindings and verdict of the court, at the last term of this court, has been set aside by the court at the last term of the court, at the suggestion of the plaintiffs; the plaintiffs then fearing that it might possibly be held that said judg-

ment had been prematurely rendered in violation of rule 18 of the United States Court of Appeals in the Indian Territory, which prohibits the rendering of a final judgment in a case until the losing party has had an opportunity, within the time provided by statute, to file a motion for a new trial, but which suggestion of plaintiffs appears, upon an inspection of said rule, to have been erroneous, as the defendants had not expressed a desire to file a motion for a new trial, and never gave any notice to the court that they desired to file a motion for a new trial, as required by said rule 18, and it further appearing that no motion for a new trial in this case has ever been made or filed, and that plaintiffs are entitled to judgment upon said findings and verdict of the court."

On the 21st day of May, 1906, the court seems to have sustained the motion of plaintiffs, and entered another judgment in their favor, from which is taken the following:

"Now on this 21st day of May, 1906, this case coming on to be heard on the motion of the plaintiffs for judgment on the findings and verdict of the court, made and rendered in this cause by this court at its last term, and the court, having considered said motion, and being fully informed and advised in the premises, grants said motion. This case having been submitted to the court for trial without a jury by oral consent, in open court, of the parties hereto, with the assent of the court upon the agreed statements of facts made by the parties hereto, and filed herein, in open court, on March 24, 1905," etc.

The balance of the journal entry is in substantially the same language as the judgment, rendered at the previous term, appearing on page 9 of the transcript, *supra*. As stated before, there is no clear explanation in the transcript to show upon what theory the court set aside the first judgment and entered the second, except it be, and this we conclude is the correct one, that after setting aside the former judgment on the motion of plaintiff, he subsequently treated his former finding as a special finding of fact, and attempted to enter a judgment thereon, without further trial, at a subsequent term of court. We believe this was error for which the defendants are entitled to a new trial. After the special findings of the court are filed and judgment rendered, the

power of the court over it is abandoned, except that the court may, at any time before the close of the term at which judgment is rendered, grant a new trial. 8 Enc. of P. & P. 950; *Prince v. Lynch,* 38 Cal. 528, 99 Am. Dec. 427; *Smith v. Taylor,* 82 Cal. 533, 23 Pac. 217; *Levy et al. v. Chittenden et al.,* 120 Ind. 37, 22 N. E. 92; *Hilgenberg v. Northup et al.,* 134 Ind. 92; 33 N. E. 786. Setting aside the former judgment was tantamount to granting a new trial, and another judgment could not properly be entered, at a subsequent term, without a trial. In *McAdams v. Latham, ante,* p. 511, 96 Pac. 584, Mr. Chief Justice Williams says:

"A trial court has a wide and extended discretion in modifying, vacating, or setting aside orders, judgments, or decrees made, entered, and rendered in its own court, when it does so at the same term at which such order, decree, or judgment was had. After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same."

In the case at bar there was no statute authorizing the court to set aside a judgment at the term it was rendered and at a subsequent term render judgment therein again without another trial.

The judgment of the court below is reversed, and the cause remanded for a new trial.

All the Justices concur.