## SOUTHERN SURETY CO. v. TURNHAM *et al.*

No. 8486.   Opinion Filed October 10, 1916.

(160 Pac. 468.)

1. **APPEAL AND ERROR—"Record"—Scope and Contents.** The "record" proper in a civil action consists of the petition, answer, reply, demurrers, proceedings, rulings, orders, and judgments; and, where an appeal is attempted by transcript of the record and the pleadings upon which the case was tried are not included in the transcript, the appeal will be dismissed.

2. **SAME—Agreed Statements.** The agreed statement of facts, not being a part of the record unless made so by bill of exceptions, cannot be considered on appeal by transcript of the record.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*R. P. de Graffenried, Judge.*

Action between the Southern Surety Company and J. M. Turnham and others. From the judgment, the Surety Company brings error. Dismissed.

*William T. Hutchings,* for plaintiff in error.

*Thomas & Thomas,* for defendants in error.

PER CURIAM. Motion to dismiss is based upon the ground that the assignments of error by plaintiff in error are such as can only be presented and reviewed by this court upon a case-made or bill of exceptions. The appeal is brought here by petition in error with transcript of the record. The case was originally tried in the county court of Wagoner county, after which it was appealed to the district court and tried upon an agreed statement of facts. The pleadings upon which the case was tried are not incorporated in the transcript. Since the appeal is attempted by transcript of the record, and said transcript

does not include the pleadings upon which the case was tried, and the agreed statement of facts constitute no part of the record proper, nothing is presented here for review.

In *Brown et al. v. Capital Townsite Co.*, 21 Okla. 586, 96 Pac. 587, it is said:

"The agreed statement of facts, not being a part of the record, unless made so by bill of exceptions, cannot be considered on error, though a copy of it is attached to the transcript of the record."

It is also contended that the errors relied on by plaintiff in error are such as require a consideration of the evidence, and that, since the evidence is not properly before the court, none of the errors can be considered. This contention must likewise be sustained. The errors assigned are:

"(1) Said court erred in not rendering judgment for plaintiff in error on the agreed statement of facts; (2) said court erred in affirming the judgment of the county court of Wagoner county rendered the 14th day of September, 1914; (3) said court erred in finding that J. M. Turnham, former guardian of Riley W. Turnham, a minor, was indebted to said minor as such guardian in the sum of $1,024; (4) said court erred in rendering judgment against the Southern Surety Company in the sum of $1,024 and interest."

A consideration of any of the above errors would require an examination of the evidence; and, since the evidence has not been preserved by bill of exceptions or case-made, none of them can be considered.

The appeal is, accordingly, dismissed.