## John G. O'Neil, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 21,695.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed May 9, 1917. Rehearing denied May 24, 1917.

### Statement of the Case.

Action by John G. O'Neil, plaintiff, against the City of Chicago, defendant, to recover for alleged wrongful exclusion by defendant of plaintiff from performance by plaintiff of a certain contract entered into between plaintiff and defendant upon the acceptance by defendant of plaintiff's bid upon certain work to be performed at Lake View Pumping Station of defendant. From a judgment for defendant, plaintiff brings error.

Plaintiff was the highest of three bidders on the work in question when the bids were first submitted. Shortly after acceptance of his bid and making of the contract referred to, one of the other bidders instituted suit alleging the contract was illegal and void, as not complying with the statutes requiring competitive bidding, and asking injunction against this plaintiff and defendant. A temporary injunction was issued and later the presiding judge gave an oral opinion directing the entry of a final decree granting a perpetual injunction. Before entry of such decree this judge died. Thereafter the city readvertised the work and again entered into a contract with plaintiff to do substantially the same work. Such contract was carried out and the work completed by him. Said suit was dismissed by stipulation of the parties.

JOHN S. HUMMER, COBURN & BENTLEY and JAMES E. McGRATH, for plaintiff in error.

SAMUEL A. ETTELSON, for defendant in error; MORTON S. CRESSY, WILLIAM C. RIGBY and RUBENS, FISCHER, MOSSER & BARNUM, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 387*—*what is duty of city commissioner as to letting contracts for public work.* Under sections 1611, 1612 and 1626 of the Revised Code of Chicago, 1897, vol. 1, relating to the letting of contracts for public work, the clear. intention *held* to be that such contracts shall be let so that nothing is left for the commissioner but to decide who is the lowest responsible bidder for such work, as among bidders equally responsible the work cannot lawfully be awarded to one who is not the lowest bidder.

2. MUNICIPAL CORPORATIONS, § 408*—*when plea by city in action for exclusion from performance of contract ·is erroneous.* In an action against a city to recover for refusal by defendant to allow plaintiff to perform a contract for certain public work entered into between plaintiff as the accepted bidder for such work and defendant, where defendant's plea failed to aver that either of the refused bidders was a reliable and responsible bidder and simply averred that plaintiff was not the lowest reliable and responsible bidder, which was expressly traversed by plaintiff in his replication, held that such plea was bad and demurrer to such replication was erroneously sustained.

3. MUNICIPAL CORPORATIONS, § 408*—*when sufficiency of plan and specifications is question of fact.* The sufficiency of a certain plan and specifications to comply with certain city ordinances set up in defendant's plea requiring that plans and specifications for public works to be constructed on file with the commissioner of public works shall give full and definite information of the precise work to be done, *held* to be a question of fact which could not be passed upon on review in the absence of further evidence, in an action against a city to recover for defendant's refusal to allow plaintiff to perform a contract for certain public work entered into between plaintiff and defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. PLEADING, § 203*—*when demurrer to replication carried back and sustained as demurrer to plea.* In an action against a city to recover for defendant's refusal to allow plaintiff to perform a contract entered into between plaintiff as the accepted bidder for certain public work and defendant, where defendant filed plea setting up certain city ordinances requiring that contracts for public works be awarded to the lowest reliable and responsible bidder and setting up also certain provisions of the specifications for the work that bidders should submit drawings and descriptions as to certain parts of the work, and alleging that such drawings and descriptions were so varied that it was impossible for the commissioner of public works to arrive at a conclusion as to which was the lowest responsible bidder, to which plaintiff filed replication alleging such drawings and descriptions were only working plans required for the purpose of furnishing information as to the bidders' skill and ability, *held* that a demurrer to such replication should be carried back and sustained as a demurrer to the plea.

5. ESTOPPEL, § 16*—*when by suit does not arise.* Where an oral opinion, only, was rendered and no decree was entered in a suit, *held* that there was no estoppel upon a party to such suit by reason of the suit.

6. ESTOPPEL, § 16*—*when by reason of suit arises.* There can be no estoppel by reason of a suit until a final decree is entered therein.

7. ESTOPPEL, § 97*—*when replication negatives all elements of estoppel by suit.* Where defendant's plea set up plaintiff's acquiescence in a certain oral opinion rendered in another suit to which both plaintiff and defendant were parties by the judge presiding therein, that plaintiff made no claim under the contract sued on but made a new contract with defendant for the same work which he performed and was paid for, and that plaintiff signed a stipulation for dismissal of that suit, to which plea plaintiff filed replication traversing each material averment thereof and set up other facts, *held* that the replication did not fail to negative all of the elements of estoppel, in an action to recover for defendant's refusal to allow plaintiff to perform the first contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.