### DIETSELLER et al. v. CARRY et al.

No. 15915—Opinion Filed April 14, 1925.

(Syllabus.)

**1. Appeal and Error—Decisions Appealable —Necessity for Judgment.**

The findings of the court do not constitute the judgment of the court, and where the trial judge makes findings of fact and conclusions of law, which are signed by him and entered of record, but no judgment is pronounced thereon, an appeal from said findings confers upon this court no jurisdiction.

**2. Same—Persons Entitled to Appeal—Parties not Affected by Order.**

The trial court having excluded plaintiffs in error as heirs to the estate of Jane Dick, deceased, and found that Aaron, Clem, and Jesse Carry and David Cochron were the sole heirs of the said Jane Dick and entitled to inherit her estate equally, and two months later modified this finding so as to permit Nellie Hicks to share the es-

tate equally with those above named, this is not such an order as in any way affects the rights of plaintiffs in error or confers upon them the right of appeal therefrom.

Error from District Court, Cherokee County; J. T. Parks, Judge.

In the matter of the estate of Jane Dick; determination of heirship. From order modifying judgment in favor of Aaron Carry and others, Rider Dirtseller and another bring error. Appeal dismissed.

Dawes & Kyle, for plaintiffs in error.

J. I. Coursey, Bruce & Keenan, Rainey. Flynn & Jones, and W. H. Kesner, for defendants in error.

PER CURIAM. This action was begun in the county court of Cherokee county to determine the question of heirship to the estate of Jane Dick. From a judgment of the county court plaintiffs in error and others appealed to the district court.

On the 8th day of February, 1924, the case was heard by the district court and without any request on the part of plaintiffs in error the court stated its findings, but not separately as to the law and the facts, they being intermingled with each other. As the court proceeded in announcing its findings Mr. Keenan, counsel for one of the claimants, excepted and stated that he filed a motion for a new trial, which was overruled, to which he excepted, and that he gave notice of appeal, and that the time was extended 60 days in which to serve case-made After the court had announced its findings counsel for plaintiffs in error requested the court to find who was the mother of Jane Dick, and in response to this request the court stated as follows:

"The testimony being so vague and uncertain, the court is unprepared to make a finding of fact and conclusion of law as to who the mother of Jane Dick was."

Plaintiffs in error excepted specially to this response and generally to the court's findings gave notice of appeal, and were given 60 days in which to serve case-made. The findings, with the various exceptions, notice of motion for new trial, notice of appeal, with extension of time in which to serve case-made, etc., by various counsel representing various claimants. were signed by the court and entered of record. No judgment was ever pronounced in the case and no journal entry of judgment was ever prepared, signed, or entered. The findings of the court do not constitute the judgment of the court and an appeal therefrom confers upon this court no jurisdiction.

"Findings of fact made by the court, or decisions on contested issues, when made the basis of a judgment or decree, are conclusive on the parties in subsequent litigation, but unless followed by a judgment, or incorporated in, or covered by, a judgment, findings by the court, special findings of a jury, report of referees and masters, and the like, are not generally regarded as conclusive adjudications." 34 C. J. 888. DeWatteville v. Sims, 44 Okla. 708, 146 Pac. 224. Cressler v. Brown, 79 Okla. 170, 192 Pac. 418 (syllabus 13):

"The inquiry of res judicata is not limited to the mere formal judgment. It extends to the pleadings, the verdict, or the findings, and the scope and meaning of the judgment is often determined by the pleadings, the verdict, or findings." Brown v. Capital Township Co., 21 Okla. 586, 96 Okla. 587; Oklahoma City v. McMaster, 196 U. S. 529; Oklahoma Moline Plow Co. v. Smith, 81 Okla. 61, 196 Pac. 962; Kashman v. Parsons. 770 Conn. 295; O'Neil v. Chicago, 205 Ill. App. 508; Kelly v. Chicago, etc., R. Co., 154 Iowa, 87; Auld v. Smith, 23 Kan. 65; Leverett v. Rivers, 208 Mass. 241; State v. Brooks-Scanlon Lbr. Co. 137 Minn. 71; Flanagan v. Lazerine, 175 Mo App. 188; Albright v. Albright, 21 N. M. 606; Rudd v. Cornell, 171 N. Y. 114; Magee v. Risley, 82 Wash. 178.

"An order for judgment on the findings of the court does not in itself constitute a judgment, and there is no estoppel where the judgment was not entered." Child v. Morgan, 51 Minn. 116, 52 N. W. 1127..

"Neither the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action between the same parties constitute a bar, unless followed by a judgment based thereon, or into which the verdict or findings entered; the judgment is the bar, not the preliminary determination of the court or jury." Springer v. Bien, 128 N. Y. 99.

In the findings of the court of February 8, 1924, the court found that Aaron Carry, Clem Carry, Jesse Carry, and David Cochron were the sole heirs of Jane Dick, deceased, and that plaintiffs in error had failed to establish any right, title, or interest in and to her estate. Nellie Hicks, one of the claimants, having filed a motion for new trial, it came on to be heard on the 17th day of April, 1924, when the court modified its findings of February 8, 1924, so as to give her one-fifth of the estate and to share the same equally with Aaron Carry Clem Carry, Jesse Carry, and David Cochron. This order in no wise affected the rights of plaintiffs in error. The court's findings of February 8, 1924, eliminated them, and all the order did was to add Nellie Hicks to the three Carrys and Cochron, and permit the estate to be inherited

one-fifth each, instead of one-fourth each. Plaintiffs in error having been excluded, they had no interest in the matter of Nellie Hicks being permitted to share the estate equally with those to whom the court by its findings had theretofore given it. They could not appeal from this order, and neither would a motion for a new trial lie, for the reason that their rights were no more affected by it than if it had never been made. It is only the findings of the court of February 8, 1924, that affect their rights, and it is from these findings that they must prosecute error, if at all, and if they purposed an appeal they should have filed a motion for a new trial within three days, which was not done. The appeal was filed in this court on November 3, 1924, which was more than six months from the date of the findings of February 8, 1924, and this court is without jurisdiction. If we should hold, which we do not, that the findings of the court of February 8, 1924, constitute a judgment from which an appeal might be taken, then the appeal must be dismissed for the reason that no motion for a new trial was filed within the time required by law and that the appeal was not filed in this court within six months from the date of said findings.

The appeal is dismissed.

Note.—See under (1) 3 C. J. p. 601, § 441. · (2) 3 C. J. p. 634, § 493.